FILED

SEP 24 2007

U.S. DISTRICT COURT
ELKINS WV 26241

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
at Elkins

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Plaintiff,

v.                                  **Civil Action No. 2:06cv15**

JANE C. FULTZ, As Guardian and
Next Friend For ALLISON C. FULTZ,
an Infant,

     Defendant.

## ORDER

On September 11, 2007, came the Plaintiff, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], by counsel, Peter G. Zurbuch, and the Defendant, Jane C. Fultz, as Guardian and Next Friend for Allison C. Fultz, by counsel, Henry Wood, pursuant to State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon considering the motion and memoranda filed by the parties and the arguments of counsel in support and in opposition to said motion, and for reasons appearing more fully on the record, the Court grants Plaintiff State Farm's Motion for Summary Judgment.

## PROCEDURAL HISTORY

State Farm initiated its Complaint for Declaratory Relief on February 2, 2006 seeking this Court to construe the terms of an automobile policy issued to Joseph W. Fultz by State Farm, being Policy No. 3087139-A-03-48E, which policy was in effect on July 1, 2004. At issue was whether the underinsured motor vehicle coverage and medical payments coverage afforded to Joseph Fultz under the policy would be applicable to Allison C. Fultz, Joseph Fultz's adopted daughter. The

defendant, Jane C. Fultz, by counsel, filed an Answer to the Complaint for Declaratory Relief on April 21, 2006.

On October 13, 2006, State Farm filed a Motion for Summary Judgment and a memorandum in support thereof consistent with the time frame set forth in the Scheduling Order entered by this Court. A Memorandum in Opposition to State Farm's Motion for Summary Judgment was filed by the defendant, Jane Fultz as Guardian and Next Friend of Allison C. Fultz on November 17, 2006. State Farm filed a reply to the Defendant's Memorandum in Opposition on December 5, 2006.

This matter comes on for this hearing pursuant to a notice of hearing entered by this Court.

## FACTS

On July 1, 2004, Allison C. Fultz was riding as a passenger in a 1999 Toyota Tacoma pick up truck driven by Kristopher C. Marple and owned by Gregory Esquer when she was involved in a single vehicle accident occurring on Hacker's Creek Road near Weston in Lewis County, West Virginia. As a result of the accident, Allison Fultz suffered numerous injuries.

As a result of the injuries sustained, Allison Fultz received $100,000.00, the liability limits for Kristopher Marple under his mother's policy with State Farm, and $20,000.00 from Geico Insurance Company, the insurer for Gregory Esquer the owner of the truck. Allison Fultz has also received $10,000.00 of $20,000.00 in limits under her mother, Jane Fultz's, underinsured motor vehicle coverage with Nationwide.

At the time of the accident, Allison Fultz resided with her mother, Jane Fultz, at their home in Weston, West Virginia. Allison Fultz had been adopted by Jane and Joseph Fultz in 1989 when

she was five (5) months old after Jane's sister, who was Allison's biological mother, passed away. Joseph and Jane Fultz separated in 2000 and were divorced in 2001. Joseph Fultz moved out of the residence sometime in 2000. Under a Joint Agreed Parenting Plan, Jane Fultz was awarded full custody of Allison Fultz.

A civil action is pending in the Circuit Court of Upshur County styled: <u>Jane Fultz, as Guardian and Next Friend for Allison Fultz, an infant v. Kristopher C. Marple</u>, and being Civil Action 06-C-48. The only claim that remains is the underinsured motor vehicle claim pending against State Farm. State Farm insures Joseph Fultz under Policy No. 3087139-A03-48E, which was in effect on the day of the accident, July 1, 2004. Joseph Fultz's State Farm policy provides underinsured motor vehicle coverage in the amount of $50,000.00 per person and $100,000.00 per accident and medical payments coverage in the amount of $25,000.00.

The issue in this case is whether Allison C. Fultz is an insured person under Joseph Fultz's State Farm policy entitling her underinsured motor vehicle coverage and/or medical payments coverage. State Farm in its Memorandum in Support of its Motion for Summary Judgment contends that there is no genuine issue of material fact concerning where Allison Fultz resided on the date of the accident, which it contends is dispositive of the coverage issue in this case. State Farm contends that Allison Fultz resided primarily with her mother on the date of the accident and, therefore, is not eligible for underinsured motor coverage or medical payments coverage under her father's policy with State Farm. The defendant, Jane C. Fultz as Guardian and Next Friend for Allison C. Fultz, contends Allison Fultz was a resident of both her mother and

father's households and, thus, would be entitled to insured status under her father's State Farm policy for medical payments coverage and underinsured motor vehicle coverage.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in a light most favorable to the non-moving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limits its inquiry solely to a determination of whether genuine issues of triable fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of those pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), quoting First National Bank of Arizona v. City Service Co., 391 U.S. 253, 88 S.Ct. 1575 (1968). "The mere existence of a scintilla of evidence favoring the non-moving party will not prevent entry of summary judgment." Anderson, 477 U.S. at 248. "There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not sufficiently probative summary judgment may be granted." Anderson, 477 U.S. at 249-50. "Summary Judgment is proper only 'where the record taken as a

whole cannot lead a rational trier of fact to find for the non-moving party." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 578 (1986).

## ANALYSIS

Joseph W. Fultz is identified as the named insured under State Farm Policy No. 3087139-A03-48E. The policy identifies a 2001 Toyota Tacoma as the insured vehicle. The policy insuring Joseph Fultz and the 2001 Toyota Tacoma includes medical payments coverage and underinsured motor vehicle coverage. State Farm contends Allison Fultz is not entitled to coverage under the medical payment coverage or the underinsured motor vehicle coverage because she did not reside primarily with her father, Joseph Fultz. State Farm's policy insuring Joseph Fultz under Section II – Medical Payments – Coverage C provides for the payment of medical expenses. The insuring agreement provides:

> Medical expenses
>
> We will pay reasonable medical expenses incurred for bodily injury caused by accident, for services first within three years from the date of the accident . . ."

Under Section II - Medical Payments - Coverage C on Page 9 of the State Farm policy (form 9848.3), it provides:

> **Persons for Whom Medical Expenses Are Payable**
>
> We will pay medical expenses for ***bodily injury*** sustained by:
>
> 1.     a. the first ***person*** named in the declarations;
>    b. his or her spouse
>    c. their ***relatives***.

5

These *persons* have to sustain the *bodily injury*:

a. while they operate or *occupy* a vehicle covered under the liability section; or
b. through being struck as a *pedestrian* by a motor vehicle . . .

2. any other *person* while *occupying*:

a. a vehicle covered under the liability coverage, except a *non-owned car*. Such vehicle has to be used by a *person* who is insured under the liability coverage; or

b. a *non-owned car*. The *bodily injury* has to result from such *car's* operation or occupancy by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

Allison Fultz does not fit within any of the definitions of persons for whom medical expenses are payable as defined under the terms of State Farm's policy. Specifically, under Section 1(a), Allison Fultz is not the named insured in the declarations as that is identified as her father, Joseph Fultz. Further, she is not Joseph Fultz's spouse, under Section 1(b). Allison Fultz under the uncontroverted evidence would not constitute a "relative" of Joseph Fultz under Section 1(c) of the medical payments coverage. The policy defines "relative" as, "a person related to you or your spouse by blood, marriage or adoption who resides primarily with you. It includes your unmarried and unemancipated child away at school."

Allison Fultz does not meet the policy's definition of "relative" as she does not reside primarily with Joseph Fultz. The defendant Jane Fultz, as Guardian and Next Friend For Allison Fultz argues in her Memorandum In Opposition that Allison Fultz resides at both her mother's home as well as her father, Joseph Fultz's home. The Court, however, finds that the clear and unambiguous language of the State Farm policy only affords coverage to a relative who primarily

resides with the named insured. This Court finds that pursuant to the terms of the State Farm policy an individual cannot primarily reside at more than one residence.

Courts which have construed language identical to that contained in the Fultz policy have rejected defendant's argument reasoning that there can only be one primary residence. See State Farm Mut. Auto. Ins. Co. v. Harris, 882 So.2d 849 (Ala. 2003); State Farm Mut. Ins. Co. v. Colon, 880 So.2d 782 (Fla.App. 2004); and B.D.B. v. State Farm Mut. Auto. Ins. Co., 814 So.2d 877 (Ala. 2001). The Alabama Supreme Court in Harris upheld identical policy language when it refused to extend uninsured motor vehicle coverage. The Court construed the phrase "primarily" as it applies to the phrase "lives with you [the insured]." Citing the definition from the Merriam-Webster's Collegiate Dictionary (11th ed.2003), the Court stated the word was defined to mean "for the most part" or "chiefly." The Harris Court recognized that a person may live in more than one place for purposes of uninsured-motorist coverage but stated, "we fail to see how a person may `primarily' or `for the most part' live in more than one place at one time." The Court went on to say, "[b]ecause at the time of the accident Bo Harris [plaintiff] lived 'for the most part' with his mother, he could not also 'live primarily with' his father." Id. at S.E.2d 854.

In determining residency the West Virginia Supreme Court has held:

> "resident of your household," the phrase means a person who dwells-
> -though not necessarily under a common roof--with other individuals
> who are named insureds in a manner and for a sufficient length of
> time so that they could be considered to be a family living together.
> The factors to be considered in determining whether that standard
> has been met include, but are not limited to, the intent of the parties,
> the formality of the relationship between the person in question and
> the other members of the named insureds' household, the

permanence or transient nature of that person's residence therein, the absence or existence of another place of lodging for that person, and the age and self-sufficiency of that person.

Farmers Mut. Ins. Co. v. Tucker, 213 W.Va. 16, 576 S.E.2d 261, 270 (2002).

This Court, based upon its review of the entire record, including the depositions of Jane Fultz, Allison Fultz and Joseph Fultz, and the memoranda and documents filed in support and in opposition to the summary judgment, finds that there is no genuine issue of material fact concerning the residency of Allison Fultz and that the Court can rule as a matter of law. The Court finds that Allison Fultz is not a "relative" as that term is defined under State Farm's policy definitions. The Court finds that Allison Fultz primarily resided with her mother, Jane Fultz, and, thus, is not entitled to the medical payments coverage afforded by State Farm's policy insuring Joseph Fultz. Specifically, the Court finds that the testimony is uncontroverted that at the time of the accident, July 1, 2004, Allison was residing with her mother in Weston, West Virginia and not with her father, Joseph Fultz. (Allison Fultz deposition pages 8, 13 and 25; Jane Fultz deposition pages 6, 8 and 9; and Joseph Fultz deposition page 6.) Jane Fultz, by virtue of a Permanent Parenting Agreement, was awarded permanent care, custody and control of their Fultz children, including Allison Fultz, reserving for the father the right to have visitation with their daughter, consistent with the wishes and the recommendation of the children's counselor. The only personal property of Allison Fultz maintained at her father's residence included a toothbrush and deodorant. Although a room was maintained for Allison Fultz's use at her father's home, in the five (5) years which had transpired from the date Joseph Fultz moved out to the date of Allison Fultz's deposition she had only stayed with her father overnight on five (5) to ten (10) occasions. Her address for

school and licensing purposes was her mother's home, and Allison considered her mother's home to be her permanent home. (Allison Fultz deposition at page 13.) Allison Fultz's stays with her father, Joseph, were intermittent in nature. (Jane Fultz deposition at page 9).

Under the uncontroverted evidence in this case, it is clear that Allison Fultz primarily resided with her mother and did not reside with her father, Joseph Fultz. Therefore, Allison Fultz does not constitute a "relative" as is defined under State Farm's policy insuring Joseph Fultz and is not entitled to medical payments coverage as a "relative" of the named insured pursuant to the medical payment provisions.

As Allison Fultz does not constitute a "relative" under the terms of the medical payment coverage, the only other way she could qualify for medical payments coverage is if she was occupying a vehicle covered under liability coverage under Section 2(a) of the policy or a non-owned car under Section 2(b). The vehicle involved in the accident was a 1999 Toyota Tacoma owned by Gregory Esquer. Mr. Esquer's truck is not a vehicle covered under the liability coverage of the State Farm policy insuring Joseph Fultz and his 2001 Toyota Tacoma. Therefore, Allison Fultz is not afforded coverage under Section 2(a) of the medical payments coverage form.

Allison Fultz is also not afforded coverage under the "non-owned car" provision of the medical payments coverage. Section 2(b) conditions coverage on bodily injury resulting from a non-owned car's operation by the "first person named in the declaration, his wife or spouse or their "relatives." The vehicle involved in the accident was not operated or occupied by Joseph Fultz, his wife or spouse or "his relative." Thus, as defined by the terms of the policy, the "non-owned car"

provision in the medical payments coverage is not applicable, and Allison Fultz is not afforded medical payments coverage.

The underinsured motor vehicle coverage afforded to Joseph Fultz under the State Farm policy provides:

> Underinsured motor vehicle coverage . . . we will pay compensatory damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. The bodily injury must be sustained by an insured. The bodily injury or property damage must be caused by an accident arising out of the operation, maintenance or use of an underinsured motor vehicle.

> **Who Is an Insured - Coverages U and W**

> *Insured* - means the *person* or *persons* covered by . . . underinsured motor vehicle coverage.

> This is:

> 1. *you*;
> 2. *your spouse*
> 3. any *relative*; and
> 4. any other *person* while *occupying* or otherwise using with the consent of *you* or *your* spouse:

>> a. your *car*;
>> b. a *temporary substitute car*;
>> c. a *newly acquired car* if registered in West Virginia; or
>> d. a trailer attached to such a *car*.

*You* is defined under the policy to mean "the named insured or named insureds shown on the declaration page." Joseph Fultz is the only named insured identified on the declaration page. The policy defines *relative* to mean "a person related to you or your spouse by

blood, marriage or adoption who resides primarily with you. It includes your unmarried and unemancipated child away at school."

Allison Fultz is not entitled to underinsured motor vehicle coverage since she does not fit the definitions of any "insured" as defined under the policy. Specifically, she is not "you" as she is not the named insured identified on the declaration page, which is Joseph Fultz. She also is not Joseph's spouse. Further, she is not a "relative" as defined under the policy, as explained in the discussion of medical payments coverage contained in this Order, because she did not primarily reside with Joseph Fultz at the time of the accident. The only other circumstance in which she could be afforded underinsured motor vehicle coverage is if she was occupying or otherwise using, with the consent of Joseph Fultz, one of the cars identified under Section 4 (a), (b), (c) and (d). Section 4(a) provides coverage for any person while occupying or using "your car." "Your car" is defined to mean "the car or the vehicle described on the declaration page." The declaration page identifies a 2001 Toyota Tacoma pick up truck as the insured vehicle. The vehicle involved in the motor vehicle accident was owned by Gregory Esquer and is a 1999 Toyota pick up truck. Therefore, Allison Fultz was not occupying the vehicle identified on Mr. Fultz's policy.

In addition, Allison Fultz was not occupying or otherwise using a "temporary substitute car" as that term is defined under the policy. Pursuant to the policy, "temporary substitute car" is defined to mean:

> a car not owned by, registered to or leased to you or your spouse if it replaces your car for a short time. Its use has to be with the consent of the owner. Your car has to be out of use due to its break down, repair, servicing, damage or loss. A temporary substitute car is not considered a non-owned car.

No party contends that the 1999 Toyota Tacoma owned by Gregory Esquer was being used as a temporary substitute car as defined under Mr. Fultz's policy. There is no contention or evidence that the truck involved in the accident was used to replace Joseph Fultz's vehicle for a short time. Therefore, the "temporary substitute car" provision does not afford underinsured motor coverage to Allison Fultz.

The "newly acquired car" provision of the policy would not afford coverage to Allison Fultz. "Newly acquired car" is defined to mean "a replacement car or additional car." There is no contention that the 1999 Toyota Tacoma owned by Gregory Esquer was a newly acquired car, newly owned by or leased to Joseph Fultz. Therefore, the newly acquired car provision contained in the underinsured motorist coverage would not be applicable.

Finally, there is no contention that the 1999 Toyota Tacoma owned by Gregory Esquer would constitute a trailer attached to a car.

Therefore, it is clear and undisputed based upon the record that Allison Fultz does not constitute an insured person under the underinsured motor vehicle coverage of her father, Joseph Fultz's policy with State Farm.

It is, therefore, ORDERED, ADJUDGED and DECREED as follows: Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment is granted. The Court concludes that there is no coverage afforded under State Farm's policy insuring Joseph Fultz for medical payments coverage or for underinsured motor vehicle coverage to Allison Fultz for the reasons stated herein and for the reasons appearing on the record. The Court, therefore, enters judgment in favor of the plaintiff, State Farm Mutual Automobile Insurance Company, granting its

Motion for Summary Judgment declaring that there is no coverage afforded to Allison Fultz under the underinsured motor vehicle coverage or medical payment coverage.

Entered this the **24** day of September, 2007.

_Robert E. Maxwell_

Hon. Robert E. Maxwell

Prepared by:

_Peter G. Zurbuch_

PETER G. ZURBUCH
WV State Bar No. 5765
BUSCH, ZURBUCH & THOMPSON, PLLC
P. O. Box 1819
Elkins, WV 26241
(304) 636-3560